Tyson E. Logan (WSB #6-3970)
logan@spencelawyers.com
Grant H. Lawson (WSB #6-4260)
Lawson@spencelawyers.com
Michael F. Lutz (WSB # 7-5180)
mlutz@spencelawyers.com
THE SPENCE LAW FIRM, LLC
15 S. Jackson Street
P.O. Box 548
Jackson, WY 83001
(307) 733-7290 / (307) 733-5248 (fax)

*Attorneys for Plaintiffs*

FILED
U.S. DISTRICT COURT
DISTRICT OF WYOMING
2015 OCT 2 PM 3 25
STEPHAN HARRIS, CLERK
CASPER

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| TIMOTHY FOYE and JEAN FOYE, husband and wife,<br><br>Plaintiffs,<br><br>vs.<br><br>DAIMLER TRUCKS NORTH AMERICA LLC; DETROIT DIESEL CORPORATION; and JOHN DOES I-V,<br><br>Defendants. | Civil No. 15cv170-S<br><br>**COMPLAINT & DEMAND FOR JURY TRIAL** |

Plaintiffs Timothy and Jean Foye, through their attorneys Tyson E. Logan, Grant H. Lawson, and Michael F. Lutz of The Spence Law Firm, LLC, bring this Complaint against Defendants:

### I.  PARTIES

1. This case arose on or about October 4, 2013 when Plaintiff Timothy Foye was seriously and permanently injured by carbon monoxide (CO) gas emitted from his tractor-trailer while working as a long-haul trucker.

COMPLAINT & DEMAND FOR JURY TRIAL — 1

2 Summons issued

2. The tractor-trailer that Mr. Foye was driving on or about October 4, 2013 (hereinafter "the Truck"):

    a. was a 2007 Freightliner Century Class;

    b. was powered by a Detroit Diesel Series 60 engine;

    c. was assigned Vehicle Identification Number 1FUJBBCK77PZ20581; and

    d. on or about October 4, 2013 carried Arizona license plate number AE29707.

3. Mr. Foye and Plaintiff Jean Foye are, and at all relevant times were, lawfully married as husband and wife.

4. Mr. and Mrs. Foye are, and at all relevant times were, Utah citizens residing in Washington County, Utah.

5. Defendant Daimler Trucks North America LLC f/k/a Freightliner Corporation ("Daimler") is a Delaware limited liability company whose principal place of business is in Oregon. Daimler does business in the State of Wyoming.

6. On information and belief, Defendant Daimler designed, tested, and/or manufactured the Truck and some components of the Truck's exhaust system, which poisoned Mr. Foye, and/or failed to adequately warn of defects in the Truck and its components and systems.

7. Defendant Detroit Diesel Corporation ("Detroit Diesel") is a Delaware corporation whose principal place of business is in Michigan. Detroit Diesel does business in the State of Wyoming.

8. Detroit Diesel is a subsidiary of Daimler.

9. On information and belief, Defendant Detroit Diesel designed, tested, and/or manufactured the engine and other components of the exhaust system, which poisoned Mr. Foye, and/or failed to adequately warn of defects in those components and systems.

10. Defendants John Does I-V are business entities or individuals who designed, tested, and/or manufactured the Truck, engine, and/or exhaust system that poisoned Mr. Foye; and/or failed to adequately warn about defects in the Truck and its components and system.

11. The true identities of John Doe Defendants are currently unknown and not reasonably discoverable by Mr. and Mrs. Foye.

12. Defendants are vicariously liable for the acts of their officers, directors, managers, employees, agents, and servants undertaken within the scope of their duties.

## II. JURISDICTION AND VENUE

13. Plaintiffs incorporate by reference all other allegations in this Complaint.

14. The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because the parties are citizens of different states and the amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000.00) exclusive of interest and costs.

15. This Court has personal jurisdiction because the facts and circumstances giving rise to Mr. and Mrs. Foye's causes of action arose in Converse County, Wyoming and Defendants have sufficient contacts with Wyoming.

16. Defendants maintain continuous and systematic contacts with the State of Wyoming: Defendants sell vehicles and component parts that they manufacture in Wyoming through local and national vehicle dealers doing business in the State of Wyoming; Defendants license certified dealerships and repair shops in Wyoming and

provide standards and training for those dealerships and repair shops in Wyoming; and defendants purposefully market and sells their vehicles through distributors in Wyoming.

17. Defendants have purposefully availed themselves of the privileges and benefits of conducting business in Wyoming

18. This Court is the proper venue pursuant to 28 U.S.C. § 1391 because a substantial part of the events and omissions giving rise to the claims occurred in Wyoming.

### III. FACTS COMMON TO ALL CAUSES OF ACTION

19. Plaintiffs incorporate by reference all other allegations in this Complaint.

20. Detroit Diesel designed, tested, assembled, and/or manufactured the engine and components of the exhaust system in such a manner that they were unreasonably dangerous to truck drivers due to their propensity to fail and emit CO.

21. Detroit Diesel failed to adequately warn truck drivers of this danger, either directly or through intermediaries.

22. Daimler designed, tested, assembled, and/or manufactured the Truck, including components of the exhaust system, in such a manner that they were unreasonably dangerous to truck drivers due to their propensity to fail and emit CO.

23. Daimler failed to adequately warn truck drivers of this danger, either directly or through intermediaries.

24. John Does I through V designed, tested, assembled, and/or manufactured the Truck and/or its component parts in such a manner that they were unreasonably dangerous to truck drivers due to their propensity to fail and emit CO.

25. John Does I through V failed to adequately warn truck drivers of this danger, either directly or through intermediaries.

26.   The foreseeable risks of harm posed by Defendants' products could have been reduced or avoided by adoption of reasonable alternative designs.

27.   The danger posed by Defendants' products was concealed, not common knowledge, and not reasonably apparent to an ordinarily careful truck driver.

28.   On or about October 4, 2013, and in the weeks prior to that date, Kodiak Fresh Produce, LLC ("Kodiak") employed Mr. Foye as a long-haul truck driver.

29.   Mr. Foye did not misuse the Truck, engine, exhaust system, or any other component parts.

30.   Mr. Foye used the Truck, engine, exhaust system, and other component parts in a manner reasonably foreseeable to Defendants.

31.   Defendants' improper or inadequate design, testing, assembly, manufacture, and warnings directly, proximately, and foreseeably caused Mr. Foye's injuries and damages described below.

32.   For several weeks during the fall of 2013 Mr. Foye drove the Truck six days a week. During this time, Mr. Foye slept in the Truck.

33.   During this time, the Truck was exposing Mr. Foye to CO.

34.   CO is a colorless, odorless gas.

35.   Mr. Foye experienced headaches and nausea due to low-level, chronic CO exposure during the weeks prior to October 4, 2013.

36.   Mr. Foye did notice that the cab of the Truck frequently was filled with exhaust fumes.

37.   However, Mr. Foye neither knew, nor reasonably should have known, that he was being exposed to CO.

38.     On October 4, 2013, Mr. Foye was driving the Truck through Converse County, Wyoming.

39.     As a result of a snowstorm, the highway was closed.

40.     Mr. Foye parked the Truck at the Orin Junction Rest Area near Orin in Converse County, Wyoming.

41.     Due to the cold weather, Mr. Foye had to run the Truck's engine to power the bunk heater so that he would not freeze.

42.     The Truck engine generated CO, which was leaked from the exhaust system and entered the Truck's cab, poisoning Mr. Foye.

43.     Mr. Foye suffered acute CO exposure. He became disoriented, dizzy, nauseous, and incoherent.

44.     Mr. Foye called Mrs. Foye, who realized that something was severely wrong with her husband. She told him to call 911.

45.     Mr. Foye called 911. The dispatcher told him to turn off his engine, leave the Truck, and wait for help at the rest stop.

46.     Mr. Foye followed the dispatcher's instructions.

47.     EMS arrived and transported Mr. Foye to the Converse County Medical Center by ambulance.

48.     Prior to being poisoned by CO, Mr. Foye was a hard-working wage earner.

49.     Prior to being poisoned by CO, Mr. Foye was physically strong and active.

50.     Prior to being poisoned by CO, Mr. Foye was a skilled handyman who remodeled homes, did tiling, electrical work, plumbing, dry walling, and roofing.

51. Prior to being poisoned by CO, Mr. Foye was friendly, outgoing, and supportive to Mrs. Foye.

52. After being poisoned by CO, all this changed. Mr. Foye is now incapable of working or helping his wife around the home, and even has difficulty with such simple tasks as walking without passing out or losing his balance and carrying on a conversation.

53. As a result of the CO poisoning Mr. Foye is completely and permanently disabled — he is unable to drive or perform any other work. Mr. Foye's injuries and damages, which were caused by his CO poisoning and were the foreseeable consequence of Defendants' negligence, include but are not limited to:

   a. Permanent brain injury;

   b. Cognitive deficits and physical disability, including but not limited to problems with attention, processing, following simple directions, memory, and difficulty formulating ideas and logical thoughts, finding words and completing sentences (these cognitive deficits interfere with his ability to do basic tasks like carry on a conversation or watch a TV show);

   c. Serious cardiac condition;

   d. Loss of balance and equilibrium;

   e. Severe migraine headaches, and sensitivity to noise and light;

   f. Double vision;

   g. Hearing deficits and tinnitus;

   h. Depression and sleep disorder, anxiety, and panic attacks;

   i. Loss of libido; and

   j. Other serious and permanent injury.

54.  Sometime after Mr. Foye's acute poisoning, on or about October 16, 2013, the Truck was inspected at the Boss Shop in Laramie, Wyoming.

55.  The Boss Shop noted that "the whole right hand side of the motor is covered in soot," that the exhaust manifold and bottom of the turbo were cracked, and that there were other leaks in the exhaust system.

56.  As a direct, proximate, and foreseeable result Defendants' defective and unreasonably dangerous product(s) and/or negligent acts and omissions, Mr. and Mrs. Foye have suffered damages including but not limited to:

   a.  Past and future physical pain and suffering in an amount to be proven at trial;

   b.  Past and future emotional pain and suffering in an amount to be proven at trial;

   c.  Past and future loss of enjoyment of life in an amount to be proven at trial;

   d.  Past and future disability in and amount to be proven at trial;

   e.  Past and future loss of wages, income, and earning capacity in an amount to be proven at trial;

   f.  Other past and future pecuniary loss in an amount to be proven at trial;

   g.  Past and future medical and related expenses in an amount to be proven at trial;

   h.  Loss of past and future consortium including the loss of Mr. Foye's services, society, companionship, affection, love, advice, guidance, and/or sexual relations; and

   i.  All allowable costs, expenses, and fees associated with this litigation.

57. Mr. and Mrs. Foye reserve the right, if justified by the evidence obtained during discovery, to assert a claim for punitive damages.

### IV. FIRST CAUSE OF ACTION — STRICT PRODUCTS LIABILITY

58. Plaintiffs incorporate by reference all other allegations in this Complaint.

59. Defendants were engaged in the business of designing, testing, assembling, manufacturing, and selling the Truck and its component parts that caused Mr. Foye's CO exposure and resulting injuries.

60. The Truck and its component parts were in a defective condition unreasonably dangerous to the Truck's driver when sold.

61. The Truck was intended to, and did, reach Mr. Foye without a substantial change in its condition, or if its condition deteriorated, such deterioration was foreseeable and a result of a preexisting defect inherent in the Truck and/or its component parts.

62. The Truck physically harmed Mr. Foye by poisoning him with CO.

63. The poisoning was a direct, proximate, and foreseeable result of the defective condition of the Truck and its component parts.

64. Defendants had a duty to warn the Truck's buyer, owner, and/or drivers, directly and/or through intermediaries, that the Truck was in a defective condition unreasonably dangerous to the drivers.

65. Defendants' duty to warn continued even after the Truck was sold.

66. Defendants failed to warn the Truck's buyer, owner, and/or drivers, either directly and/or through intermediaries, that the Truck was in a defective condition unreasonably dangerous to the drivers.

67. Defendants failed to adequately instruct tractor-trailer mechanics, inspectors, technicians, repairpersons, and/or drivers in how to detect and remedy the latent dangers in their products.

68. Defendants are strictly liable for Mr. Foye's damages proximately caused by the defects in the Truck and its component parts, regardless of their fault.

### V.  SECOND CAUSE OF ACTION — NEGLIGENCE

69. Plaintiffs incorporate by reference all other allegations in this Complaint.

70. Defendants had a duty not to expose truck drivers to a foreseeable and unreasonable danger of CO poisoning.

71. Defendants breached this duty by acts and omissions including:

    a. negligent design of the Truck and its component parts;

    b. negligent testing of the Truck and its component parts;

    c. negligent manufacturing of the Truck and its component parts;

    d. negligent assembly of the Truck and its component parts;

    e. negligent failure to warn about defects in the design and manufacture of the Truck and its component parts; and/or

    f. negligent failure to adequately instruct tractor-trailer mechanics, inspectors, technicians, repairpersons, and/or drivers in how to detect and remedy the latent dangers in their products.

72. Defendants did not exercise the care required of reasonably careful product designers, testers, manufacturers, assemblers, and sellers.

73. As a proximate result of Defendants' negligent acts and omissions, Mr. Foye was exposed to CO and suffered severe injuries and damages.

## VI. THIRD CAUSE OF ACTION — LOSS OF SPOUSAL CONSORTIUM

74. Plaintiffs incorporate by reference all other allegations in this Complaint.

75. As a direct and proximate result of the Defendants' negligent acts and omissions, Mr. Foye cannot adequately perform his duties as Mrs. Foye's husband, such as:

    a. Providing household services and upkeep of their home; and

    b. Providing emotional support including: society, companionship, affection, love, advice, guidance, and physical intimacy.

[Remainder of this page intentionally left blank.]

## VII. PRAYER FOR RELIEF

Mr. and Mrs. Foye respectfully request that the Court enter judgment in their favor and against the Defendants in an amount supported by the allegations of this Complaint and the evidence at trial, as follows:

1. Judgment against Defendants for general damages in an amount consistent with the allegations contained herein and to be proven at trial;

2. Judgment against Defendants for special damages in an amount consistent with the allegations contained herein and to be proven at trial; and

3. Judgment for costs, interests, and such other and further relief as this Court deems just and equitable.

DATED this 3rd day of October, 2015.

Tyson E. Logan (WSB #6-3970)
logan@spencelawyers.com
Grant H. Lawson (WSB #6-4260)
lawson@spencelawyers.com
Michael F. Lutz (WSB # 7-5180)
mlutz@spencelawyers.com
THE SPENCE LAW FIRM, LLC
15 S. Jackson Street
P.O. Box 548
Jackson, WY 83001
(307) 733-7290 / (307) 733-5248 (fax)

*Attorneys for the Plaintiffs*

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38 Mr. and Mrs. Foye demand a jury trial to resolve this matter, and submit the requisite fee herewith.

DATED this 2nd day of October, 2015.

Tyson E. Logan (WSB #6-3970)
logan@spencelawyers.com
Grant H. Lawson (WSB #6-4260)
Lawson@spencelawyers.com
Michael F. Lutz (WSB # 7-5180)
mlutz@spencelawyers.com
THE SPENCE LAW FIRM, LLC
15 S. Jackson Street
P.O. Box 548
Jackson, WY 83001
(307) 733-7290 / (307) 733-5248 (fax)

*Attorneys for the Plaintiffs*